[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
On January 27, 1999, Brooks Crockett was returning home from work when he encountered defendant-appellant Robert Dixon and his co-defendant, Lamont Montana. According to Crockett's testimony, Dixon and Montana repeatedly hit him with a stick and took his coat and shopping bag. Dixon and Montana were charged with aggravated robbery in violation of R.C. 2911.01(A)(1), and convicted following a bench trial.
Dixon brings forth two assignments of error, which we address together. First, he alleges that the evidence was insufficient to support a finding of guilt and that the trial court erred by denying his Crim.R. 29 motion for acquittal. Second, he challenges the weight of the evidence. We find neither of the assignments to be well taken.
The relevant inquiry for reviewing the denial of a Crim.R. 29 motion is the same as the inquiry for sufficiency.[1] When reviewing whether the evidence is sufficient, we will not set aside a conviction where the trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[2] On the other hand, in making a determination on the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and decide whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[3]
To prove the elements of aggravated robbery, the state had the burden to prove that Dixon committed or attempted to commit a theft offense while using a deadly weapon.[4] Although Dixon denied hitting Crockett, we conclude that there was sufficient evidence adduced at trial to support a finding of guilt. Crockett testified that Dixon, along with Montana, repeatedly hit him with a stick. Further, Crockett testified his belongings were taken by Dixon and Montana without Crockett's permission. Moreover, we conclude that the evidence did not weigh heavily against a conviction. The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact.[5] Although Dixon's testimony conflicted with Crockett's testimony, we cannot say that the trial court improperly weighed the evidence. Accordingly, we overrule Dixon's first and second assignments of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Sundermann, JJ.
[1] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 263,381 N.E.2d 184, 185.
[2] See State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546; State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
[3] See State v. Thompkins, supra, at 387,678 N.E.2d at 546-547.
[4] See R.C. 2911.01(A).
[5] See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus.